HALVERSON, Respondent, v. SONOTONE CORPORATION, Appellant.

(19 N. W.2d 14.)

(File No. 8734. Opinion filed June 2, 1945.)

Rehearing Denied August 13, 1945.

**A. J. Beck,** of Elk Point, and **Shull & Marshall,** of Sioux City, Iowa, for Appellant.

**O. C. Donley,** of Elk Point, for Respondent.

RUDOLPH, J. Plaintiff brought this action against the two defendants, Inez Blackstone and Sonotone Corporation. The complaint alleged in substance that Inez Blackstone was the agent of the Sonotone Corporation, a nonresident of this state, and while driving an automobile on the highways in this state and on business of the Sonotone Corporation she struck the plaintiff to his injury and damage. Service of the summons and complaint was made under the provisions of SDC 33.0809, which provides:

"The use or operation by a nonresident or his agent of a motor vehicle upon and over the highways of this state shall be deemed an appointment by such nonresident of the

Secretary of State of South Dakota to be his true and lawful attorney upon whom may be served legal process in any action or proceeding against such nonresident growing out of such use or operation of a motor vehicle over the highways of this state resulting in damages or loss to person or property, and said use or operation shall be a signification of such nonresident's agreement that any such process in any action against him which is so served shall be of the same legal force and validity as if served upon him personally. * * *"

Before the time for answer expired the defendant Sonotone Corporation appeared specially to object to the jurisdiction of the court over its person by moving to quash the service of the Summons and Complaint upon it for the following reasons:

"1. That the alleged service of the Summons and Complaint was insufficient because the Sonotone Corporation was not at the time of the alleged accident operating the car therein involved.

"2. That the alleged service of the Summons and Complaint was insufficient because the car involved in the alleged accident, referred to in the Plaintiff's Complaint, was not operated by an agent of the Sonotone Corporation.

"3. That the alleged service of the Summons and Complaint upon the Sonotone Corporation was insufficient because the car involved in the alleged accident was owned and operated by the defendant, Inez Blackstone."

This motion was brought on for hearing and ruling thereupon was reserved by the court. At the opening of the trial of the case the attorney for Sonotone Corporation made the following motion or request and the following proceedings were had:

"If the Court please, the Sonotone Corporation, one of the parties named as one of the defendants in this action, under its special appearance in the case, which is a part of the records and files herein, before the jury is called and before any proceedings, whatsoever, have been had in the matter, object to all further proceedings in the case under

said special appearance, pending final ruling by the court under the issues raised by said Sonotone Corporation's motion to quash service, filed in this court on the 16th day of March, 1943, and suggests to the court that the provisions of the order of this court, entered on said motion to quash and dated the 20th day of March, 1943, and filed in this court on the 22d day of March, 1943, bar further proceedings until final ruling on said motion has been made.

"The Court: Well, that will give you your record. I won't rule on it as this time.

"Mr. Beck: The ruling is reserved. Is that it?

"The Court: Yes.

"Mr. Beck: Now, in view of the court's ruling on this motion at this time, the Sonotone Corporation, named as one of the defendants in this action, gives notice that it will not in any manner participate in this action or trial, saving, however, all of its rights—reserving all of its rights under said special appearance and motion to quash service. We further state into the record at this time that the appearance of A. J. Beck and Shull & Marshall and E. A. Hutchinson is the appearance for the defendant, Inez Blackstone, only, and that all our proceedings in this case are in her behalf."

Thereafter the court proceeded to hear the case upon its merits without the defendant Sonotone Corporation appearing and at the close of the case the court dictated to the record the following:

"The Court: And now, at the close of the evidence in the trial of the above case, the motion made by the defendant corporation to quash the service upon it, upon its special appearance for that purpose, decision upon which was reserved by the court, is overruled by the court."

The appellant has assigned as error the failure with the court to rule upon its motion before proceeding with the trial of the case.

■ SDC 33.1002 is identical in language with Rule 12 of the Federal Rules of Civil Procedure, 28 U. S. C. A. following section 723c. This section provides that the lack of jurisdiction over the person "may at the option of the

pleader be made by motion." The defense of lack of jurisdiction over the person is contained in subdivision 2 of the section. The Section then provides:

"The defenses hereinbefore specifically enumerated in subdivisions (1) to (6) of this section, whether made in a pleading or by a motion, and the motion for judgment provided in this section shall be heard and determined before trial on application of any party, unless the Court orders that the hearing and determination thereof be deferred until the trial."

We have checked the Federal cases decided under the rule and can find no fact situation comparable with the facts now before us. It is quite generally held by the Federal Courts that either of the defenses specified in subdivision (1) or subdivision (6) of this section which are the defenses going to lack of jurisdiction over the subject matter and failure to state a claim upon which relief can be granted are such that the hearing and determination thereon might be deferred until the trial. However, we have been unable to find any case where the question of deferring the determination of the lack of jurisdiction over the person has been withheld until trial. While we have adopted the rule in language identical with the Federal Rule, nevertheless, we believe our rule must be construed in the light of other code provisions adopted contemporaneously. SDC 33.0817 provides:

"A voluntary appearance of a party is equivalent to personal service of the summons or other papers upon him; provided that a special appearance may be made for the sole purpose of testing the jurisdiction of the Court over the person or the subject matter without being deemed a voluntary appearance. If objection to jurisdiction of the person is overruled and such person thereafter takes affirmative steps of procedure in the action, the appearance shall be deemed general and voluntary."

This code provision clearly preserves in our law the "special appearance," and as clearly provides that if after an adverse ruling on an objection to the jurisdiction of the person made by special appearance any affirmative steps

of procedure are taken in the action there is a waiver of the jurisdictional question and is in conformity with the rule announced in the case of Union Bond & Mortgage Co. v. Brown et al., 64 S. D. 600, 269 N. W. 474, 107 A. L. R. 1089, wherein this court held that when the defendant makes a special appearance objecting to the jurisdiction of the court over his person, he must stand on the objection and stay out of court for all other purposes if he desires to rely on such objection since if he pleads over or goes to trial, the jurisdictional objection is waived. In the light of this decision and our code provision the defendant Sonotone Corporation, to say the least, was placed in a very unenviable position by the refusal of the trial court to rule upon its motion before the trial. Without a ruling on the motion defendant was placed in a position where if it proceeded it would waive the jurisdictional question and any ruling of the court thereon, even favorable to its contentions, would be a useless formality. If it did not proceed it was for all practical purposes in default so far as the merits, were concerned. But, even worse, by the court's refusal to pass upon the motion before the trial upon the merits, and its apparent purpose of determining the motion upon evidence submitted at the trial upon the merits, the defendant was forced to have its motion determined in a proceeding where its appearance would have waived the whole question it was seeking to raise by the motion.

We are of the opinion that the defendant Sonotone Corporation was entitled to a ruling on its motion before trial, and that failure to rule constitutes reversible error.

The judgment appealed from is reversed.

All the Judges concur.